State, Parmley, pros., v. White.

---

## THE STATE, EHRICK PARMLEY, PROSECUTOR, v. MATHEW WHITE.

1. In laying out a private road, the surveyors must certify that they had regard to the public and private convenience.
2. The return set aside, because the applicant paid the surveyors more than their legal fees.

---

On *certiorari.* In matter of private road.

Argued at February Term, 1870, before Justices SCUDDER and VAN SYCKEL.

For plaintiff, *W. H. Vredenburgh.*

For defendant, *Applegate.*

VAN SYCKEL, J.    The object of the *certiorari* in this case is to set aside the return of surveyors of the highways, laying out a private road in the township of Shrewsbury, in the county of Monmouth.

The first reason relied upon is, that the beginning and ending points of the road are not designated with sufficient certainty in the application.

The road, as applied for, was to begin at or near a stake, the position of which was precisely fixed by course and distance from a permanent monument, and the ending was designated in like manner.    The surveyors commenced, as their return certifies, at the beginning stake, and ran to the stake planted for the ending of the road.    No useful purpose can be subserved by requiring greater certainty than is used in this case.

2. The return certifies that regard was had to the public and private convenience, and the prosecutor insists that in this the surveyors erred ; that they should have considered only the private convenience of the applicant and land-owner, and not the convenience of the public.

The return is in strict accordance with the letter of the fifth section of the road act, which directs that the surveyors shall view the premises, and if they think it necessary, lay out the said public or private road, as may appear to them to be most for the public and private convenience.    In this respect, the statute makes no difference between a public and a private road, and conformity with it is not only proper, but necessary.

A private road, laid out under the statute, is not a private way, or right of way, but is open to the use of the public, and a failure to certify that, in laying it, regard was had to the public convenience, would be fatal to the validity of the return.

3. The third reason assigned for reversal is, that the applicant paid each surveyor $5 for his services.

In *The State* v. *Bergen*, 1 *Zab.* 344, where the surveyors were paid $2 each, Justice Whitehead says : " That it is manifestly improper for the applicants for a road to tender

the surveyors, or for the surveyors to receive more for their services than the fees prescribed by statute." Whether this would be a fatal objection was not decided in that case, as it was not among the reasons assigned.

The working of the practice, if permitted, is that the applicant will pay the surveyors more than their legal fees, if his application is favorably considered; otherwise he will not.

If he may pay them $5, he may pay them $25 each; conceding the right, leaves the sum to be paid at the option of the applicant. The surveyors may not be influenced by the hope of increased compensation, yet the fact that they receive it will tend to cast suspicion upon their action, and withdraw from them the respect and confidence of those upon whose rights they pass.

I agree with Justice Whitehead, that the acceptance by the surveyors of anything in excess of their legal fees is manifestly improper, and shall hold that, for this reason, the return should be set aside.

Justice SCUDDER concurred.

CITED *in State, Hubbard, pros.*, v. *Reckless*, 9 *Vr*. 396.